# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| *In re Brenda Butler Bryant litigation* | Civil Action Nos. 1:23-cv-04478-SDG; 1:23-cv-04479-SDG; 1:23-cv-04480-SDG; 1:23-cv-04672-SDG; 1:23-cv-04673-SDG; 1:23-cv-04674-SDG; 1:23-cv-04839-SDG; 1:23-cv-04990-SDG; 1:23-cv-04992-SDG; 1:23-cv-05474-SDG; 1:23-cv-05475-SDG; 1:23-cv-05476-SDG; 1:23-cv-05477-SDG; 1:23-cv-05882-SDG; 1:23-cv-05883-SDG; 1:24-cv-00067-SDG; 1:24-cv-00068-SDG; 1:24-cv-00069-SDG; 1:24-cv-00070-SDG; 1:24-cv-01032-SDG; 1:24-cv-01034-SDG; 1:24-cv-01035-SDG; 1:24-cv-01036-SDG. |

**OPINION AND ORDER**

These cases are before the Court for frivolity review of Plaintiff Brenda Butler Bryant's Complaints. Each Complaint is frivolous under 28 U.S.C. § 1915(e)(2).

I. **Applicable Legal Standards**

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984 F.2d 393, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

A pleading fails to state a claim for relief if it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). Shotgun pleadings—pleadings that fail to give defendants adequate notice of the claims against them and the grounds on which each claim rests—do not satisfy

this standard. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (concluding that shotgun pleadings "patently violate[ ]" the federal pleading standards). Such pleadings are "never plain" and violate Fed. R. Civ. P. 8 because they make it "impossible to comprehend which specific factual allegations the plaintiff intends to support which of [her] causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

Bryant is proceeding *pro se*. Thus, the Court must construe her Complaints leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But *pro se* plaintiffs are still bound by the law and the Federal Rules of Civil Procedure. The Court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

**II. Discussion**

There are many reasons why Bryant's Complaints are frivolous. Central to the problems is that every Complaint fails to satisfy the most basic requirement of Rule 8—to provide a short and plain statement of a claim. *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (citing *Jackson*, 898 F.3d at 1358). Further, Bryant has named unidentified and unidentifiable entities and individuals as Defendants. Save a limited, inapplicable exception, such fictitious pleading is not allowed in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Nor has Bryant supplied a basis for this Court to exercise subject matter jurisdiction over these cases or personal jurisdiction over any identified Defendant.

In violation of Fed. R. Civ. P. 20(a)(2), nearly every Complaint misjoins Defendants by grouping together public and private entities and individuals that bear no obvious connection to one another or to the limited factual allegations. Bryant frequently names "Wil-Lie Cop-E-Land" as a Defendant, apparently instead of using the "John Doe" moniker.[1] She alleges no facts demonstrating how any named Defendant is liable for the harm she allegedly suffered. She has not

---

[1]   *See, e.g.*, Case Nos. 1:23-cv-4478-SDG ("unknown suspected Wil-Lie Cop-E-Land Physician" and "River Edge Wil-Lie Cop-E-Land Mental Health Center"), 1:23-cv-4480-SDG ("Wil-Lie Cop-E-Land Security Guards"), 1:24-cv-1036-SDG ("Extra Space Storage Wil-Lie Cop-E-Land").

identified any *specific* causes of action. Nor has Bryant supplied any facts that could plausibly support her alleged damages, which range from $1 million per day, to $1 billion, to $1 billion per day.[2] Her pleadings also contain incomprehensible assertions, such as "$=Gift $=Winning no sign=free issuance."[3] There is simply no way for the Court or any potential Defendant to determine what harm Bryant purportedly suffered or how any Defendant supposedly caused that harm.

For example, in Case 1:24-cv-1032-SDG, Bryant names as Defendants the U.S. Department of Health and Human Services (Centers for Disease Control), Wil-Lie Cop-E-Land, and the thieves who stole her coat.[4] She claims numerous violations of civil rights laws, securities laws, federal laws, and "business laws," without identifying any specific law or facts showing how such disparate laws were purportedly breached. She does not allege facts demonstrating how any named Defendant was responsible for her unspecified injuries as a "crime victim" or assault and battery victim, or for the "robbery of securities & supplies."[5]

---

[2]  *See, e.g.*, Case Nos. 1:23-cv-4478-SDG ($1 million/day), 1:24-cv-0067-SDG ($1 billion), 1:24-cv-0068-SDG ($1 billion/day).

[3]  *See, e.g.*, Case Nos. 1:23-cv-4990-SDG, 1:23-cv-4992-SDG, 1:24-cv-1036-SDG.

[4]  Case 1:24-cv-1032-SDG, ECF 3, at 2.

[5]  *Id.* at 4.

In Case 1:24-cv-0069-SDG, Bryant names as Defendants "CVS Pharmacy (Christ v. Satan)," "Door to Door thieves," "Black Mafia," and "KK Klan" without any additional identifying information. The Court has no way to determine the specific individuals or entities that might be Bryant's true targets or any basis to assess whether those targets are even capable of being sued. Bryant accuses these Defendants of illegal trafficking, building code violations, violations of "federal laws," and civil rights violations without pleading any facts that (1) describe Defendants' conduct; (2) state what Bryant's injuries were; or (3) connect the conduct to those injuries.[6] In fact, the only thing Bryant has written under the "Statement of Claim" section of the pre-printed form she used for her Complaint is "$=Gift  $=Winning  no sign=free issuance."[7] None of this suggests a non-frivolous basis for her $1 billion damages demand.[8] Similar defects exist in each of Bryant's Complaints.

However, some of Bryant's Complaints allege that she was physically injured—on mass transit because there were no seatbelts,[9] on Cobb County

---

[6]  *See generally* Case 1:24-cv-0069-SDG, ECF 3.

[7]  *Id.* at 4.

[8]  *Id.*

[9]  Case 1:24-cv-0070-SDG, ECF 3; Case 1:24-cv-0071-SDG, ECF 3.

property because of poor lighting and unsafe streets,[10] at a post office,[11] at certain business locations,[12] and in a hospital emergency room.[13] Other Complaints assert that Bryant was the victim of various robberies or thefts (including unspecified "robber[ies] of securities").[14] These types of injuries might support tort claims against the proper defendants if properly pleaded. But Bryant has not sufficiently identified any Defendant or stated enough facts to survive frivolity review on such potential claims despite the nature of the harms she allegedly suffered. It is also unclear what the basis of the Court's jurisdiction over these claims would be.

### III. Conclusion

None of Bryant's Complaints survives frivolity review and these cases must be dismissed. The Court therefore **DISMISSES** the following cases **without prejudice** and **DIRECTS** the Clerk to **CLOSE** them: 1:23-cv-04478-SDG; 1:23-cv-04479-SDG; 1:23-cv-04480-SDG; 1:23-cv-04672-SDG; 1:23-cv-04673-SDG; 1:23-cv-04674-SDG; 1:23-cv-04839-SDG; 1:23-cv-04990-SDG; 1:23-cv-04992-SDG; 1:23-cv-05474-SDG; 1:23-cv-05475-SDG; 1:23-cv-05476-SDG; 1:23-cv-05477-SDG; 1:23-cv-

---

[10] Case 1:23-cv-5883-SDG, ECF 3.

[11] Case 1:23-cv-5474-SDG, ECF 3.

[12] Case 1:23-cv-5477-SDG, ECF 3.

[13] Case 1:23-cv-4478-SDG, ECF 3; Case 1:23-cv-4480-SDG, ECF 3.

[14] Case 1:23-cv-4480-SDG, ECF 3; Case 1:23-cv-4672-SDG, ECF 3; Case 1:23-cv-5883-SDG, ECF 3.

05882-SDG; 1:23-cv-05883-SDG; 1:24-cv-00067-SDG; 1:24-cv-00068-SDG; 1:24-cv-00069-SDG; 1:24-cv-00070-SDG; 1:24-cv-01032-SDG; 1:24-cv-01034-SDG; 1:24-cv-01035-SDG; and 1:24-cv-01036-SDG.

However, where a *pro se* plaintiff may be able to correct the deficiencies in her pleading, she should be given the opportunity to replead. *Jackson*, 898 F.3d at 1358 ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies.") (citation and internal quotation marks omitted); *see also Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 402 (11th Cir. 2018) ("To the extent the district court dismissed [the] complaint as a shotgun pleading, the court ought to have given [the plaintiff] the opportunity to replead."). Because of the many deficiencies in the slew of Bryant's Complaints, the Court cannot say with any certainty that Bryant will be unable to replead any of them properly. Rather than futilely attempting to parse *which* Complaints may be capable of being repleaded, the Court will permit Bryant to replead each of them.

**Accordingly, on or before November 1, 2024, Bryant may file Amended Complaints in each of these cases**. To comply with this Order and the Federal Rules of Civil Procedure, each Complaint must (1) set forth a specific, cognizable injury; (2) allege specific details surrounding this injury, including when the injury occurred, how the injury occurred, and who caused the injury; (3) specifically

identify each Defendant; (4) assert each fact in a separately numbered paragraph; (5) allege the specific legal or statutory violation asserted against each Defendant; (6) identify every individual legal claim or cause of action in its own separate count; (7) identify the Defendant or Defendants against whom each cause of action is being asserted; (8) allege specific facts that plausibly support each legal element of each cause of action; and (9) allege a type or amount of damages sought on each cause of action against each Defendant. The failure in a particular action to replead or to replead consistent with this Order and the Federal Rules of Civil Procedure may result in a dismissal with prejudice.

    The Clerk is **DIRECTED** to resubmit this Order to undersigned on November 4, 2024.

    **SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge